**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4862**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GENA C. RANDOLPH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:17-cr-00302-RMG-1)

Submitted: June 28, 2019                    Decided: July 5, 2019

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Sirianni, Jr., BROWNSTONE, P.A., Winter Park, Florida, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Marshall Austin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gena C. Randolph was convicted by a federal jury of one count of health care fraud, one count of aggravated identity theft and three counts of making false statements related to a health care matter. She was sentenced to a term of 111 months in prison. On appeal, Randolph challenges the district court's denial of her Fed. R. Crim. P. 29 motion for judgment of acquittal. We affirm.

We review de novo a district court's denial of a motion for judgment of acquittal. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 855 (2019). We will sustain the jury's verdict if, viewing the evidence in the light most favorable to the government, substantial evidence supports the verdict. *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Edlind*, 887 F.3d 166, 172 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 U.S. 203 (2018). In conducting this inquiry, "we are not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 238 (2018). A defendant raising a sufficiency challenge faces a "heavy burden," as reversal is "confined to cases where the prosecution's failure is clear." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted).

Randolph contends that the court erred in denying her Rule 29 motion because the government presented insufficient evidence that Randolph acted with specific intent to commit the charged offenses. Intent to defraud "may be inferred from the totality of the circumstances and need not be proven by direct evidence." *United States v. Godwin*, 272 F.3d 659, 666 (4th Cir. 2001) (internal quotation marks omitted). In particular, "[i]ntent can be inferred from efforts to conceal the unlawful activity, from misrepresentations, from proof of knowledge, and from profits." *United States v. Davis*, 490 F.3d 541, 549 (6th Cir. 2007) (internal quotation marks omitted).

After viewing the evidence in the light most favorable to the government, we find that the evidence was sufficient for the jury to infer Randolph's intent to defraud based on her conduct. The evidence showed that Randolph used several methods for concealing her involvement in the billing submissions to Medicare and Medicaid. She also concealed her ownership by submitting fraudulent Disclosure of Ownership forms, submitted claims for reimbursement under former employees' names without their knowledge and submitted claims for services that were not provided.

Randolph also asserts that her motion for judgment of acquittal should have been granted based on the defense of entrapment by estoppel. As this claim was not raised below, we review it for plain error. *See United States v. Wallace*, 515 F.3d 327, 331-32 (4th Cir. 2008). To demonstrate plain error, a defendant must show that (1) there was an error; (2) the error was clear or obvious; and (3) the error affected her "substantial rights." *United States v. Olano*, 507 U.S. 725, 732-34 (1993). We do not correct plain

3

error "unless it seriously affects the fairness, integrity, or public reputation of the proceedings." *Wallace*, 515 F.3d at 332.

A criminal defendant may assert an entrapment by estoppel defense when the government affirmatively assures her that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based upon the conduct ensues. *See Raley v. Ohio*, 360 U.S. 423, 438-39 (1959). To be able to assert the defense, however, a defendant has to show more than "vague or even contradictory" statements by the government; "[s]he must demonstrate that there was 'active misleading' in the sense that the government actually told h[er] that the proscribed conduct was permissible." *United States v. Aquino-Chacon*, 109 F.3d 936, 939 (4th Cir. 1997). (internal citation omitted). After conducting our review of the evidence, we conclude that Randolph has not established plain error in the court's failure to grant her Rule 29 motion based on entrapment by estoppel.

We therefore affirm the district court's judgment. We dispense with oral argument because `the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4